# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:08CR00035-002 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **ANDRAE RODREGAS DAVIS,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy Dickenson-Vicars, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, a federal inmate sentenced by this court, seeks an order for a reduction in his sentence to time served, together with a reduction in his term of supervised release, in accord with § 404(b) of the First Step Act of 2018 (FSA 2018). The government opposes a reduction in the term of imprisonment. The issues have been fully briefed and are ripe for decision.

I.

The defendant, Andrae Rodregas Davis, pled guilty pursuant to a written plea agreement to Counts One and Sixteen of an Indictment returned by a grand jury of this court. Count One charged him with conspiring to possess with intent to distribute and distributing 50 grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Count Sixteen charged him with

possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). In his Plea Agreement, Davis stipulated to a Sentencing Guidelines base offense level of 36, representing more than 1.5 kilograms of cocaine base. Plea Agreement 3, ECF No. 117.

On March 24, 2009, Davis was sentenced a total of 248 months imprisonment, consisting of a term of 188 months on Count One and a consecutive term of 60 months on Count Sixteen. He was further sentenced to serve a term of five years of supervised release following imprisonment. Am. J., ECF No. 142, at 2, 3. By Order entered February 6, 2015, pursuant to 18 U.S.C. § 3582(c)(2), Davis' sentence was reduced to 211 months, consisting of a term of 151 months on Count One and a consecutive term of 60 months on Count Sixteen. Order, ECF No. 257. He has served approximately 141 months (nearly 12 years) on his sentence, according to the court's probation office. His projected release date at this time is March 26, 2023. He is now 40 years old.

## II.

As noted by the court of appeals,

> Section 404 of the FSA 2018, Pub. L. No. 115-391, 132 Stat. 5194, provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." § 404(b), 132 Stat. at 5222. Covered offenses are those for which the statutory penalties were modified by section 2 or 3 of the Fair Sentencing Act of 2010. § 404(a), 132 Stat. at 5222. Importantly, "[n]othing in [§ 404] shall be construed to require a court to reduce any sentence pursuant to this section." § 404(c), 132 Stat. at 5222.

> The FSA 2018 "fits under the narrow exception to finality provided by [18 U.S.C.] § 3582(c)(1)(B) because it expressly permits the court to modify a term of imprisonment." *United States v. Wirsing*, 943 F.3d 175, 184 (4th Cir. 2019) (internal quotation marks and emphasis omitted). Available relief under the Act is limited to a sentence modification rather than a plenary resentencing. *See id.* at 181 n.1.

*United States v. France*, 799 F. App'x 191, 192 (4th Cir. 2020) (unpublished).

The government does not contest that Davis is entitled to be considered for a reduction in sentence under § 404 of the FSA 2018. *See United States v. Wirsing*, 943 F.3d at 185. However, it requests the court not to exercise its direction to reduce his sentence of imprisonment since his guideline range has not changed.

While the defendant's crimes were serious, his prior criminal history was minimal, and he has had a clear disciplinary record in prison. He has engaged in numerous education courses while incarcerated. Under these circumstances, I find that a sentence reduction is warranted.

### III.

For the foregoing reasons, it is **ORDERED** as follows:

1. The motions for release, ECF Nos. 299, 307, and 318, are GRANTED;

2. The defendant's total sentence is reduced to time served, meaning that he has now fully served the terms imposed on both Count One and Count Sixteen;

3. The defendant's term of supervised release is reduced to four (4) years;

4. The defendant shall be released as soon as practical, taking into account any necessary processing by the Bureau of Prisons; and

5. The Probation Office shall forthwith provide a copy of this Opinion and Order to the Bureau of Prisons.

ENTER: May 5, 2020

/s/ JAMES P. JONES
United States District Judge